IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESPERANZA MATEO, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

V.F. CORPORATION et al.,

    Defendants.
                                      /

No. C 08-05313 CW

ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.

    Plaintiff Esperanza Mateo charges Defendants V.F. Corporation, Nautica Retail USA and V.F. Sportswear, Inc. (collectively V.F.) with violating the California Labor Code and the California Business and Professions Code in connection with unpaid wages. Plaintiff now moves for class certification. Defendants oppose the motion. The Court heard the matter on October 1, 2009. Having considered oral argument and all of the papers submitted by the parties, the Court denies Plaintiff's motion for class certification.

BACKGROUND

    V.F., a sportswear clothing retail corporation, operates numerous stores in California. V.F. hired Plaintiff in October, 2006 to work as a keyholder at the Kipling store in Westfield

Shopping Town, San Francisco.[1]  As a keyholder, Plaintiff had management responsibilities which included opening and closing the store, and setting the store's daily schedule, including the meal and rest breaks for the rest of the store's hourly employees.  Kim Dec., Ex. A at 40-42.  The store managers, however, created the weekly schedule, which set the employees' work schedule.  Kim Dec., Ex. A at 41.  Plaintiff was an hourly, non-exempt employee and was required to clock in and out for lunch breaks.

    Plaintiff alleges that the store managers told her that she and the other store employees could not leave the store during their meal breaks if the store was understaffed.  Kim Dec., Ex. A at 17-19.  As a result, Plaintiff claims that she and her co-workers had to work through their rest and meal breaks, even though they had clocked out.  Kim Dec., Ex. A at 19-20.  Some sales associates complained to Plaintiff about missing their breaks.  Kim Dec., Ex. A at 30-32.  Plaintiff also alleges that the managers required her and her co-workers to continue working after clocking-out at the end of their shifts.  Kim Dec., Ex. A at 74-75.  Plaintiff complained to the area manager, Mari-Jean Martinez, and the store manager, Laurie Feland, stating that V.F. did not pay her for working off-the-clock and that employees did not receive proper meal and break periods.  Kim Dec., Ex. A at 27-29.  Martinez told Plaintiff, "Don't worry about it.  It happened already."  Kim Dec., Ex. A at 28.

    V.F. fired Plaintiff on March 27, 2008.  V.F. gave her a final

---

[1] Kipling is a division of Defendant V.F. Sportswear, Inc. Kipling employees, such as Plaintiff, are employees of Defendant Nautica Retail USA, Inc.

2

check on her last day of work. Plaintiff claims that the paycheck did not include monies owed for missed meal periods.

Plaintiff claims that V.F. violated the California Labor Code by failing to provide employees with a duty-free thirty minute meal break for each five hours worked and for failing to give employees a ten minute break for each four hours worked, as mandated by the Industrial Welfare Commission. Cal. Lab. Code § 226.7. Plaintiff also claims that V.F. violated the California Labor Code by failing to pay employees all wages due immediately upon discharge. Cal. Lab. Code §§ 201, 202. Finally, Plaintiff charges V.F. with violating California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code  § 17200 et seq. Plaintiff seeks monetary damages in unpaid wages, attorneys' fees and a permanent injunction enjoining V.F. from continuing its policies in violation of the UCL.

Plaintiff seeks certification of a class defined as "all hourly employees employed by Defendants in California from March 20, 2005 through the present who were illegally denied statutory wages . . . ." Pl.'s Mot. at 6. Plaintiff defines three subclasses within this class:

1.  All hourly employees employed by Defendants in California from March 20, 2005 through the present who were illegally denied statutory wages by any of the following statewide policies: To fail to compensate employees one hour of pay for missed or untimely meal periods between March 20, 2005 and the present.

2.  All hourly employees employed by Defendants in California from March 20, 2005 through the present who were illegally denied statutory wages by any of the following statewide policies: To fail to compensate employees for work performed off-the-clock or after their shift performing either approved preliminary or post-liminary activities or approved clock-out procedures.

3.  All hourly employees employed by Defendants in California from March 20, 2005 through the present who were

3

>       illegally denied statutory wages by any of the following
>       statewide policies: To fail to compensate employees for
>       inaccurate wage statements or full payment of wages upon
>       separation.

Pl.'s Mot. at 6-7.

## LEGAL STANDARD

A plaintiff seeking to represent a class must satisfy the threshold requirements of Rule 23(a) as well as the requirements for certification under one of the subsections of Rule 23(b). Rule 23(a) provides that a case is appropriate for certification as a class action if:

>   (1) the class is so numerous that joinder of all members is
>   impracticable;
>
>   (2) there are questions of law or fact common to the class;
>
>   (3) the claims or defenses of the representative parties are
>   typical of the claims or defenses of the class; and
>
>   (4) the representative parties will fairly and adequately
>   protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b) further provides that a case may be certified as a class action only if one of the following is true:

>   (1) prosecuting separate actions by or against individual
>   class members would create a risk of:
>
>       (A) inconsistent or varying adjudications with respect to
>       individual class members that would establish
>       incompatible standards of conduct for the party opposing
>       the class; or
>
>       (B) adjudications with respect to individual class
>       members that, as a practical matter, would be dispositive
>       of the interests of the other members not parties to the
>       individual adjudications or would substantially impair or
>       impede their ability to protect their interests;
>
>   (2) the party opposing the class has acted or refused to act
>   on grounds that apply generally to the class, so that final
>   injunctive relief or corresponding declaratory relief is
>   appropriate respecting the class as a whole; or

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> >
> > (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b). Plaintiffs assert that this case qualifies for class certification under subdivision (b)(3).

A plaintiff seeking class certification bears the burden of demonstrating that each element of Rule 23 is satisfied, and a district court may certify a class only if it determines that the plaintiff has borne its burden. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 158-61 (1982); Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977). In making this determination, the court may not consider the merits of the plaintiff's claims. Burkhalter Travel Agency v. MacFarms Int'l, Inc., 141 F.R.D. 144, 152 (N.D. Cal. 1991). Rather, the court must take the substantive allegations of the complaint as true. Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975). Nevertheless, the court need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through class action. Burkhalter, 141 F.R.D. at 152. In addition, the court may consider supplemental evidentiary submissions of the parties. In re Methionine Antitrust Litig., 204 F.R.D. 161, 163 (N.D. Cal. 2001); see also Moore v.

5

1 Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983)(noting
2 that "some inquiry into the substance of a case may be necessary to
3 ascertain satisfaction of the commonality and typicality
4 requirements of Rule 23(a);" however, "it is improper to advance a
5 decision on the merits at the class certification stage").
6 Ultimately, it is in the district court's discretion whether a
7 class should be certified.  Molski v. Gleich, 318 F.3d 937, 946
8 (9th Cir. 2003); Burkhalter, 141 F.R.D. at 152.

                              DISCUSSION

I.   Rule 23(a) Requirements

     A.   Numerosity

     "The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'"  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).  Here, Plaintiff claims that V.F. enforced the challenged wage policies against of all its employees in its California stores.  V.F. concedes that Plaintiff meets the numerosity requirement, and the Court finds that it is satisfied.

     B.   Commonality

     Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The Ninth Circuit has explained that Rule 23(a)(2) does not preclude class certification if fewer than all questions of law or fact are common to the class.  "All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  Hanlon, 150 F.3d at 1019.

Rule 23 contains two related commonality provisions. Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Rule 23(b)(3), in turn, requires that such common questions predominate over individual ones.

Plaintiff satisfies the commonality requirement. Plaintiff alleges that V.F.'s wage practices required its employees to work uncompensated while on break or off-the-clock. Although each putative class member's claim may involve different facts, this is insufficient to defeat commonality, which has "minimal" requirements and should be construed permissively. Id. at 1020.

V.F. argues that no evidence supports Plaintiff's claim that V.F. has a corporate practice of violating California's labor laws. It points out that Plaintiff's deposition is the only evidence that she offers to support any of these claims. V.F. offers declarations from the regional manager, Plaintiff's supervisor and V.F. Sportwear's director of Human Resources as evidence that its corporate policies comply with all California wage and hour laws. See Vasquez Dec. ¶¶ 2-5; Feland Dec. ¶¶ 15, 16, 20, 27, 29; Fiallo Dec. ¶¶ 2-4. However, the Court may not evaluate the merits of Plaintiff's claim when determining class certification. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974) (There is "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.") Instead, the Court must take the substantive allegations of the complaint as true. Blackie, 524 F.2d at 901. V.F.'s arguments only address the merits of Plaintiff's claims and do not

7

address the issue of commonality.

C. Typicality

Rule 23(a)(3)'s typicality requirement provides that a "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Falcon, 457 U.S. at 156 (quoting E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)) (internal quotation marks omitted). The requirement is meant "to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Rule 23(a)(3) is satisfied where unnamed class members have the same or similar injury as the named plaintiffs, the action is based on conduct which is not unique to the named plaintiffs, and other class members have been injured by the same course of conduct. Id. Class certification is inappropriate, however, "where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Id. (quoting Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990), cert. denied, 498 U.S. 1025 (1991)).

Plaintiff contends that, because she suffered the same injuries as her fellow employees, she satisfies the typicality requirement. However, Plaintiff does not satisfy typicality because V.F. can assert unique defenses against her. As a keyholder, Plaintiff was responsible for making and enforcing the daily schedule, which included rest periods and meal breaks for herself and the other employees. V.F. argues that Plaintiff violated company policy by allowing herself and the other store

8

1  employees to miss their breaks and continue to work after clocking-
2  out.  This defense is unique to Plaintiff because it would not
3  apply to non-keyholder class members, such as the sales associates,
4  who had no power over the daily work schedule.  Plaintiff claims
5  that, even though she made the daily schedules, she is not
6  responsible for the Labor Code violations because she was following
7  her supervisors' instructions and company policy.  Kim Dec., Ex. A
8  at 18, 28-30.  While this may be true, not all putative class
9  members would have to litigate this issue.  Thus, Plaintiff does
10 not satisfy the typicality requirement.

    D.   Adequacy

     Rule 23(a)(4)'s adequacy requirement ensures that absent class members are afforded competent representation before entry of a judgment which binds them.  Hanlon, 150 F.3d at 1020.  "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  Id.

     The unique defense that defeated typicality also makes Plaintiff an inadequate class representative.  "[T]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation."  J.H. Cohn & Co. v. Am. Appraisal Assocs., Inc., 628 F.2d 994, 999 (7th Cir. 1980); see also Edgington v. R.G. Dickinson and Co., 139 F.R.D. 183, 194 (10th Cir. 1991) ("It does not matter whether this issue is framed under

9

1 the requirement of typicality or adequacy of representation for the
2 same danger is addressed - that is, the class representatives will
3 be so preoccupied with their unique defenses that their
4 representation of the class will suffer.")  As discussed above,
5 V.F. argues that Plaintiff is responsible for the Labor Code
6 violations because she disobeyed V.F. policy by failing to provide
7 store employees with meal and rest periods.  Due to this unique
8 defense, Plaintiff does not fulfill the adequacy requirement for
9 the class or its subclasses.

10 II.  Certification Under Rule 23(b)(3)

11     In addition to meeting the Rule 23(a) prerequisites, Plaintiff
12 must satisfy the requirements of Federal Rule of Civil Procedure
13 23(b).  Plaintiff asserts that the putative class qualifies under
14 Federal Rule of Civil Procedure 23(b)(3).  "To qualify for
15 certification under this subsection, a class must satisfy two
16 conditions in addition to the Rule 23(a) prerequisites: common
17 questions must 'predominate over any questions affecting only
18 individual members,' and class resolution must be 'superior to
19 other available methods for the fair and efficient adjudication of
20 claims.'"  Hanlon, 150 F.3d at 1022 (quoting Fed. R. Civ. P.
21 23(b)(3)).

22     A.  Predominance

23     "The Rule 23(b)(3) predominance inquiry tests whether proposed
24 classes are sufficiently cohesive to warrant adjudication by
25 representation."  Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 623
26 (1997).  The commonality preconditions of Rule 23(b)(3) are more
27 rigorous than the companion requirements of Rule 23(a)(2).  Hanlon,
28 150 F.3d at 1019.  As noted above, Rule 23(a)(2) has been construed

10

permissively such that the existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. Id.

Rule 23(b)(3), in contrast, requires not just that some common questions exist, but that those common questions predominate. In Hanlon, the Ninth Circuit discussed the relationship between Rule 23(a)(2) and Rule 23(b)(3):

> The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. This analysis presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2); thus, the presence of commonality alone is not sufficient to fulfill Rule 23(b)(3). In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis.

Id. at 1022 (citations and internal quotation marks omitted). To determine whether the predominance requirement is satisfied, "courts must identify the issues involved in the case and determine which are subject to generalized proof, and which must be the subject of individualized proof." In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 2006 WL 1530166, at 6 (N.D. Cal.).

Here, individual issues, not common ones, predominate the class's claims. For example, one of Plaintiff's claims is that, due to lack of minimum staffing for her store, employees had to continue working after clocking out for meal periods. To prove her claim, Plaintiff will need to demonstrate that: (1) she did in fact work off-the-clock, (2) she worked because a supervisor instructed her to do so and not because she decided for her own reasons to

11

work through the break, (3) the instructions were based on a corporate practice and were not made by the supervisor in opposition to corporate policy, (5) the store was in fact under-staffed when she missed her break, (6) she requested compensation for the missed break, and (7) V.F. refused to compensate her despite her requests. Each putative class member will need to go through a similar factual inquiry with similar individualize proof in order to prove V.F.'s liability for the claims in all three subclasses. Because individual issues rather than common issues predominate, Plaintiff does not satisfy the predominance requirement.

Plaintiff argues that these factual inquiries go to damages, and therefore have no bearing on the issue of class certification. Plaintiff relies on Blackie which states, "The amount of damages is invariably an individual question and does not defeat class action treatment." 524 F.2d at 905. While it is true that the Court would need to examine these individual issues in order to calculate damages, these individual issues would also have to be addressed in order to determine liability.

Plaintiff also argues that several district courts have certified classes that presented the same nature and volume of common questions as Plaintiff presents here. However, the cases that Plaintiff cites differ from her case in significant ways. The plaintiffs in Krzesniak v. Cendant Corp. and Tierno v. Rite Aid Corp. claimed that the defendants misclassified them as exempt employees and, due to this misclassification, denied them their meal and rest breaks. Krezesniak, 2007 WL 1795703 (N.D.Cal.); Tierno 2006 WL 2535056 (N.D.Cal.). Although the plaintiffs claimed

12

lost wages, the common issue in these cases was whether the class members qualified as exempt employees. It was on this issue that the courts determined that the plaintiffs satisfied Rule 23(b)(3). Krzeniak at 13-18; Tierno at 5-10. Plaintiff also relies on Alba v. Papa John's USA, Inc., 2007 WL 953849 (C.D. Cal.). In Alba, the court found that common issues predominated because the defendant had a written policy regarding meal breaks and the defendant conceded that it applied the policy in all of its stores. Id. at 13-14. Here, Plaintiff's claims are based on her allegations of an unwritten practice, as opposed to a written policy, and therefore the putative class members would have to prove individual elements in order to show V.F.'s liability.[2]

Plaintiff also cites Bibo v. Federal Express, Inc., 2009 WL 1068880 (N.D. Cal.). In Bibo, the district court certified a class in which the plaintiffs were drivers for FedEx who claimed that they were not paid for working off-the-clock and missing their breaks. Id. at 1. Although the plaintiffs' claims in Bibo are similar to Plaintiff's claims, in Bibo, the plaintiffs provided more evidence that the common issues predominated than Plaintiff

---

[2] Several district courts have denied class certification in cases in which plaintiff employees claimed that defendant employers had an unwritten practice requiring employees to work during meal and rest breaks. In these cases, the courts found that individual issues predominated because liability could not be established without having individual trials for each class member to determine why each class member did not clock out for a full thirty-minute meal break on any particular day. Salazar v. Avis Budget Group, Inc., 251 F.R.D. 529, 534 (S.D. Cal. 2008); Kenny v. Supercuts, Inc., 252 F.R.D. 641, 646 (N.D. Cal. 2008); Brown v. Fed. Express Corp., 249 F.R.D. 580, 586-87 (C.D. Cal. 2008); Blackwell v. SkyWest Airlines, Inc., 245 F.R.D. 453, 467 (S.D. Cal. 2007); Lanzarone v. Guardsmark Holdings, Inc., 2006 U.S. Dist. LEXIS 95785, 11-13 (C.D. Cal.); Wren v. RGIS Inventory Specialists, 256 F.R.D. 180, 208-09 (N.D. Cal 2009).

has provided here.  In Bibo, there was evidence from five named plaintiffs, a declaration from an expert regarding the class members' time records and a written policy from FedEx regarding off-the-clock work.  Id. at 10-14.  Here, Plaintiff offers only her deposition to support her claim that V.F. has a system-wide practice of denying employees their meal breaks.  In her deposition, Plaintiff admits that she has no knowledge that any employees in any other V.F. store have ever missed their meal or rest breaks, or not received final wages on their last day.  Kim Dec., Ex. A at 65-67.  Instead, Plaintiff assumes that, because Martinez, the area manager, told her to work during her breaks, Martinez must have told employees at other stores to work during their breaks.  Id.  In order to meet her burden for class certification, Plaintiff must make "an adequate showing of proof" that common questions of law or fact predominate over any individual questions.  In re Hotel Telephone Charges, 500 F.2d 86, 87 (9th Cir. 1974).  Unlike the plaintiffs in Bibo, Plaintiff has not made an adequate showing of proof that common issues predominate over individual questions.

     B.   Superiority

"Rule 23(b)(3) also requires that class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'"  Hanlon 150 F.3d at 1023 (quoting Fed. R. Civ. P. 23(b)(3)).  "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'"  Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1192 (9th Cir. 2001).  As discussed above, each class member

14

would have to litigate separate factual issues in order to establish V.F.'s liability.  Thus, a class action is not a superior means of adjudicating these claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification is DENIED.[3]  Plaintiff's claims are not typical and Plaintiff cannot adequately represent those classes.  Furthermore, common issues do not predominate, and a class action is not the superior method for adjudicating these claims.

IT IS SO ORDERED.

Dated: 10/27/09

CLAUDIA WILKEN
United States District Judge

---

[3] To the extent that the Court relied upon evidence to which the parties objected, the objections are overruled.  The Court did not rely on any inadmissible evidence in reaching its decision.  To the extent the Court did not rely on evidence to which the parties objected, the objections are overruled as moot.